IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LILA ADAMS,<br><br>                Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>                Defendant. | **MEMORANDUM OPINION AND ORDER**<br><br><br>Case No. 2:13-CV-00760-BSJ<br><br>District Judge Bruce S. Jenkins |

Plaintiff brought this action for judicial review of the Commissioner of the Social Security Administration's decision, which denied Plaintiff's application for disability insurance benefits under the Social Security Act. Having considered the parties' briefs, the administrative record, the arguments of counsel, and the relevant law, the court AFFIRMS the Commissioner's decision.

## **DISCUSSION**

Plaintiff argues the Administrative Law Judge's ("ALJ") decision is not supported by substantial evidence because it is based on Vocational Expert ("VE") testimony not supported by the administrative record. Plaintiff argues the ALJ erred at steps four and five of the five-step sequential evaluation process: she contends (i) the ALJ's step four finding that Plaintiff could perform her past relevant work as a scanner is unsupported by the administrative record; and (ii) the ALJ's step five finding that Plaintiff had acquired skills that would transfer to other jobs she could perform is unsupported by the administrative record.

(i)  *Plaintiff's Past Relevant Work*

Plaintiff argues the ALJ's step four decision is not supported by substantial evidence because it relied on the VE's mistaken identification of Plaintiff's previous "scanner" position as one listed in the Dictionary of Occupational Titles ("DOT") as "scanner operator," DOT Code 972.282-010. While this is similar in name to the job "scanner" listed on Plaintiff's Work History Report, Plaintiff argues "the two jobs do not resemble each other in any meaningful way."[1]

This argument for reversing the ALJ's decision fails for two reasons. First, Plaintiff has not argued that the ALJ's functional residual capacity ("RFC") finding is inappropriate, or that her previous scanner position is incompatible with that RFC finding. Plaintiff described her scanner position as one where "she worked at a police department and spent equal amounts of time in a seated position and on her feet while performing the job, and lifting up to 50 pounds. She stated that when standing, she stood at a 'rack' or a scanning machine."[2] Plaintiff has not demonstrated that this is inconsistent with the ALJ's RFC or the hypothetical posed to the VE on the basis of that RFC. The Tenth Circuit has reiterated its conclusion that "a claimant 'bears the burden of proving his inability to return to his particular former job and to his former occupation as that occupation is generally performed throughout the national economy.'" *Barker v. Astrue*, 459 F. App'x 732, 741 (10th Cir. 2012) (quoting *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1051 (10th Cir. 1993)). Plaintiff has not met that burden.

Second, Plaintiff does not argue that her previous "scanner" position is in some way more difficult, burdensome, or incompatible to the ALJ's RFC than the job designated by the VE. In

---

[1] Pl.'s Reply Br., filed February 20, 2014 (CM/ECF No. 21) at 2.

[2] Pl.'s Opening Br., filed January 16, 2014 (CM/ECF No. 19) at 5; Tr. 55-56.

fact, Plaintiff seems to suggest her "scanner" position is more simplistic than the job the VE found Plaintiff capable of performing. As Plaintiff stated, "the job identified by the Vocational Expert is performed in the printing and publishing industry, involves color-separated positive and negative films, lithographic printing plates, analyzing various graphic elements, using a densitometer, and loading film," while in contrast, "Plaintiff's job entailed using a run-of-the-mill office scanning machine similar to a photocopy machine."[3] If the Plaintiff's previous scanner position is not more difficult, burdensome, or incompatible to the ALJ's RFC than the job designated by the VE, it is unclear why the ALJ's reliance on the VE testimony results in reversible error.

For these reasons, Plaintiff fails to demonstrate that the ALJ committed reversible error.

(ii) *Transferability of Plaintiff's Acquired Skills*

Plaintiff argues the ALJ's step five finding that Plaintiff acquired skills in her position as cashier supervisor that transfer to other jobs she can perform is unsupported by the administrative record. Plaintiff points to VE testimony that Plaintiff's past experience as a cashier supervisor gave her the skills of scheduling personnel, keeping track of time-worked records, and ordering supplies, which skills could be transferred to the jobs of personnel scheduler, clerical timekeeper, and order clerk.[4] Plaintiff argues there is no evidence that Plaintiff ever developed these skills, because Plaintiff's only description of her cashier supervisor position was "cashier, money orders, moneygrams, cash checks, help checkers, OK checks, watch over baggers, tell them what to do, break."[5]

---

[3]*Id.*

[4]Pl.'s Opening Br., filed January 16, 2014 (CM/ECF No. 19) at 6-7.

[5]*Id.*, at 7-8.

Plaintiff's description of her job duties is vague. It is unclear what tasks Plaintiff performed directly, what tasks she supervised, and the nature of those tasks generally. It seems the basis of the ALJ's determination that Plaintiff had acquired supervising, time/work record keeping, scheduling of personnel, and supply and product ordering skills was VE testimony. (Tr. 20). The ALJ and VE had the following dialogue:

> Q. Okay. Great. Would you say that there are any skills that transfer to work that would fit the hypothetical?
>
> A. She did have supervisory responsibilities. And I would say that - - let me look here in my - - I think that anybody in this situation that has that job classification would schedule personnel, would keep track of time-worked records and also order supplies

(Tr. 58-59).

The Tenth Circuit has reversed and remanded where the ALJ "asked claimant very little about the duties of her past work and elicited very little from the vocational expert about the transferable skills she supposedly possesses." *Roberts v. Barnhart*, 36 F. App'x 416, 419-20 (10th Cir. 2002). The Tenth Circuit has stated:

> When an ALJ makes a finding that a claimant has transferable skills, he must identify the specific skills actually acquired by the claimant and the specific occupations to which those skills are transferable. [Soc. Sec. Rul. 82–41, 1982 WL 31389,] at *7; *Pyles v. Bowen,* 849 F.2d 846, 848 (4th Cir.1988). The ALJ's "[f]indings should be supported by appropriate documentation." Soc. Sec. Rul. 82–41, 1982 WL 31389, at *7. "Neither an occupational title by itself nor a skeleton description [of a job] is sufficient" to document the claimant's acquisition of skills. *Id.* at *4. "Job titles, in themselves, are not determinative of skill level." *Id.*

*Dikeman v. Halter*, 245 F.3d 1182, 1185 (10th Cir. 2001).

In the present case, the ALJ insufficiently asked Plaintiff about her past experience as a cashier supervisor and insufficiently investigated this issue with the VE. This is an error, but it is harmless error. The ALJ first found, at step four, that Plaintiff is capable of performing past

relevant work (see above). The ALJ then determined that, "[a]lthough the claimant is capable of performing past relevant work, there are other jobs existing in the national economy that she is also able to perform. Therefore, the Administrative Law Judge makes the following *alternative* findings for step five of the sequential evaluation process." (Tr. 19 (emphasis added)). As Plaintiff failed to demonstrate a reversible error in the ALJ's step four determination that Plaintiff could perform her past relevant work, the ALJ's subsequent step five analysis is unnecessary to a disability finding.

## CONCLUSION

Having determined that the agency's decision is free from harmful, reversible legal error, that decision is AFFIRMED. Judgment shall be entered in Defendant's favor in accordance with Fed. R. Civ. P. 58.

DATED this 3rd day of September, 2014.

Bruce S. Jenkins
United States Senior District Judge